IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**EDWARD LAWRENCE**,

        Plaintiff                      Case No.

v.

**LAW OFFICES OF DANIEL C. CONSUEGRA, P.L.,** a Florida Professional Limited Liability Company, and **DYCK-O'NEAL, INC.**, a Texas Corporation,

        Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Edward Lawrence, by and through the undersigned counsel, brings this suit against Defendants, Law Offices Of Daniel C. Consuegra, P.L., a Florida Professional Limited Liability Company, and Dyck-O'Neal, Inc., a Texas Corporation, and alleges:

## INTRODUCTION

1.  Plaintiff brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"). This action arises out of Defendants' violations of the FDCPA's venue provision, and more specifically, by Defendants filing suit against Plaintiff in a venue other than where they reside, in contravention of § 1692i.

2.  "Congress meant to combat default-judgment-seeking debt collectors who file suit in courts 'so distant or inconvenient that consumers are unable to appear.' S. Rep. No. 95–382, at 5 (1977)." Suesz v. Med-1 Solutions, LLC, 757 F.3d 636, 655 (7th Cir. 2014); accord Smith v. Solomon & Solomon, 714 F.3d 73, 76 (1st Cir. 2013); Serna v. Law

Office of Joseph Onwuteaka, P.C., 732 F.3d 440, 447 (5th Cir. 2013); <u>Hess v. Cohen & Slamowitz LLP</u>, 637 F.3d 117, 120 (2d Cir. 2011).

## **PARTIES, JURISDICTION, & VENUE**

3. At all times material, Plaintiff, Edward Lawrence ("Mr. Lawrence"), is a natural person, and permanent resident of New York.

4. Defendant, Law Offices of Daniel C. Consuegra, P.L. ("Consuegra Law"), is a Florida Professional Limited Liability Company and law firm engaged in the business of debt collection, including but not limited to the filing of deficiency judgment actions throughout this District. The principal place of business for Consuegra Law is 9204 King Palm Drive, Tampa, Florida 33619.

5. Defendant, Dyck-O'Neal, Inc. ("Dyck-O'Neal"), is a Texas corporation with its principal place of business in Arlington, Texas. Dyck-O'Neal is a nationwide debt buyer and debt collector of foreclosure judgments, among other things, conducting such activity in this District.

6. This Court has jurisdiction under 15 U.S.C. § 1692k, and 28 U.S.C. § 1331. Venue is proper in this District because Defendants are engaged in business in this District, and a substantial part of the events or omissions giving rise to the claim occurred in this District.

## **FACTUAL ALLEGATIONS**

7. On November 3, 2007, Mr. Lawrence executed a note and mortgage in favor of Mortgage America, Inc., Corporation ("MAIC"), which was purchase money of Mr. Lawrence's residential property ("Subject Loan").

8. On September 5, 2008, Citimortgage, Inc., filed a foreclosure action against Mr. Lawrence in the circuit court of Florida's Eighteenth Judicial Circuit, in and for Brevard County, Florida ("Foreclosure Action").

9. The court entered its Final Judgment of Mortgage Foreclosure on December 4, 2009 ("Final Judgment").

10. On June 28, 2014, Dyck-O'Neal, through its agent Consuegra Law, filed an action for deficiency judgment in the Florida Eighteenth Judicial Circuit, in and for Brevard County, Florida ("Deficiency Judgment Action" or "Deficiency Judgment Complaint").

11. Dyck-O'Neal alleged in the Deficiency Judgment Action that it was assignee of the Final Judgment.

12. Defendants sought a judgment against Mr. Lawrence in the amount of $92,466.04 in damages, plus interest, costs, and attorney's fees, which was alleged to be the amount remaining from the Final Judgment after subtracting the subject property's appraised value.

13. Defendants simultaneously filed the Deficiency Judgment Complaint and a summons for issuance by the circuit court clerk, to be served on Mr. Lawrence in Glendale, New York, and requesting that Mr. Lawrence respond to "ATTORNEY FOR PLAINTIFF[,] DANIEL C. CONSUEGRA, ESQUIRE[,] 9204 King Palm Drive[,] Tampa, FL 33619-1328" ("Summons").

14. The Deficiency Judgment Action was preceded by debt collection letters from Defendants to Plaintiff.

15. At the moment Defendants filed the Deficiency Judgment Complaint and corresponding Summons, Defendants knew that they were filing a deficiency lawsuit in Florida, despite the fact that Plaintiff resided in New York.

16. After the Deficiency Judgment Complaint was served, Defendants were again notified by an affidavit of service that Plaintiff resides in Glendale, New York.

17. The "venue" provision of the FDCPA provides that a debt collector shall bring any legal action, excepting an action to enforce an interest in real property:

[O]nly in the judicial district or similar legal entity - -

    (A) in which such consumer signed the contract sued upon; or

    (B) in which such consumer resides at the commencement of the

action.

15 U.S.C. § 1692i(a).

18. Under Florida law, the doctrine of merger dictates that an action for a deficiency judgment is brought on a foreclosure judgment, not a note or mortgage. See, e.g., Weston Orlando Park, Inc. v. Fairwinds Credit Union, 86 So. 3d 1186, 1187 (Fla. 5th DCA 2012) ("The doctrine of merger provides that when a valid and final judgment is rendered in favor of a plaintiff, the original debt or cause of action upon which an adjudication is predicated merges into the final judgment, and, consequently, the cause's independent existence terminates.") (citing Diamond R. Fertilizer Co., Inc. v. Lake Packing P'ship, 743 So. 2d 547, 548 (Fla. 5th DCA 1999); Vernon v. Serv. Trucking, Inc., 565 So.2d 905, 906 (Fla. 5th DCA 1990).

19. As such, the promissory note and the mortgage at issue in the Foreclosure Action merged into the Final Judgment upon its entry. Nack Holdings, LLC v. Kalb, 13 So. 3d 92, 94 n.2 (Fla. 3d DCA 2009) ("The mortgage is merged into the judgment, is thereby extinguished, and 'loses its identity.'").

20. Thus, the Deficiency Judgment Action was brought on the Final Judgment, and was not an action for foreclosure or breach of contract—meaning that the Deficiency Judgment Action was governed by the FDCPA's venue provision, and was required to be brought where Plaintiff resided.

## CAUSES OF ACTION

### Count I: Violation of the FDCPA

21. Plaintiff re-alleges Paragraphs 1 through 20 here.

22. At all material times herein, Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3), as Plaintiff was allegedly obligated to pay the deficiency amount brought on the Final Judgment into which the note and mortgage merged.

23. At all material times, the alleged debt is a "debt" as defined by 15 U.S.C. § 1692a(5), as the note and mortgage constituted a transaction which was entered into for personal, family, and household purposes—purchase money for Plaintiff's primary residence—and subsequently reduced to judgment.[1]

---

[1] The definition of consumer debt for venue purposes under the FDCPA is, "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, **whether or not such obligation has been reduced to judgment**." Id. (emphasis added).

24. At all material times, Defendants were "debt collectors" as defined by 15 U.S.C. § 1692a(6).

   a. The principal purpose of Dyck-O'Neal is collection of debts, and pursuant to the same, Dyck-O'Neal used instrumentalities of interstate commerce, through itself or agents, by mailing letters regarding debts and using process servers across state lines. Dyck-O'Neal also regularly collects directly or indirectly, debts that were originally owned by another—as in this case. Finally, Dyck-O'Neal calls itself a debt collector and a debt buyer in communications to consumers.

   b. The principal purpose of Consuegra Law is collection of consumer debts, and pursuant to the same, the Consuegra Law used instrumentalities of interstate commerce by mailing letters regarding debts and using process servers across state lines. Consuegra Law also regularly collects directly or indirectly, debts originally owned by another—as in this case. Finally, Consuegra Law calls itself a debt collector in communications to consumers.

25. Defendants violated the FDCPA's venue provision by bringing and filing the Deficiency Judgment Action against Plaintiff in Florida, despite the fact that Plaintiff resided in New York.

26. Defendants knew or should have known that the proper venue to file the legal action for deficiency judgment against Plaintiff was his place of residence, New York instead of Florida. Defendants drafted the Summons with a New York address, hired a

process server there, and received a return of service confirming that Plaintiff was in fact served in New York.

27. As a direct and proximate result of Defendants' FDCPA violations, Plaintiff has suffered actual damages in the form of attorney fees incurred to defend the Deficiency Judgment Action in Florida, and are entitled to actual damages, statutory damages, and attorney's fees and costs pursuant to 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter an Order:

a. Adjudging that Defendants violated the FDCPA, 15 U.S.C. § 1692i, and awarding Plaintiff his actual damages and statutory damages, and reasonable attorney fees and costs pursuant to 15 U.S.C. § 1692k;

b. Awarding such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

**PARKER & DUFRESNE, P.A.**

    **/s/ Austin Brown**
E. Warren Parker, Jr., Esq.
Florida Bar No. 958506
Austin Brown, Esq.
Florida Bar No. 96633
Parker & DuFresne, P.A.
8777 San Jose Blvd., Ste. 301
Jacksonville, Florida 32217
Telephone: (904) 733-7766
Facsimile: (904) 733-2919
service@jaxlawcenter.com *(primary)*
abrown@jaxlawcenter.com *(secondary)*
Trial Counsel for Plaintiff